# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEVIN CLAY, | : | |
| Plaintiff, | : | Case No. 3:05CV358 |
| vs. | : | Magistrate Judge Sharon L. Ovington (by consent of the parties) |
| MICHAEL PALMER, IUE-CWA Local 801, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. #18) AND TERMINATING THE CASE ON THE DOCKET OF THIS COURT**

Kevin Clay, a resident of Dayton, Ohio, brings this case *pro se* claiming that Defendant IUE-CWA Local 801discriminated against him on the basis of his race. *See* Doc. #2 at 5; Doc. #3.  The case is before the Court upon Defendant IUE-CWA Local 801's ("Local 801's") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Doc. #18), to which Plaintiff has not responded.  The Court has also reviewed and considered the entire record of this case.

Local 801 contends that dismissal of this case with prejudice is warranted due to Plaintiff's failure to prosecute.  The Court previously informed Plaintiff about the Motion to Dismiss and the need for him to respond to it by July 30, 2007.  (Doc. #19). The Court further notified Plaintiff, "If you fail to file a timely response, Defendant's Motion to Dismiss

for Lack of Prosecution may be granted and your case dismissed." *Id*. Despite this notice, Plaintiff has not responded to the Motion to Dismiss and has not taken any significant action in this case since April 2006. *See* Doc. #8.

Upon review and consideration of Local 801's Motion, the cases cited therein, and the record of this case as a whole, the Court concludes that Defendant (1) has set forth the correct and applicable standards of law, and (2) has correctly applied these standards in this case. For these reasons, and because Plaintiff has neither opposed Local 801's Motion nor significantly participated in this case for more than one year, Local 801's contentions are well taken. Reiteration or expansion of Local 801's correct analysis is unwarranted and would serve no useful purpose.

The Court notes that the Complaint's caption identifies the defendant as "Michael Palmer, IUE-CWA Local 801." (Doc. #2 at 1). Local 801 explains that Palmer is one of its officers. (Doc. #18 at n.1). Local 801 asserts, "Mr. Clay clarified in response to the Court's Order to Show Cause that he was <u>not</u> bringing suit against Mr. Palmer." (Doc. #18, Memo. at 1 (Defendant's emphasis)). Because Plaintiff has not responded to Defendant's Motion, he does not challenge Local 801's explanation, which likewise appears correct. Plaintiff's Complaint does not raise a specific factual allegation or claim against Michael Palmer as an individual. Instead, Plaintiff directs his allegations and claims only against Local 801 and its "management." *See* Doc. #2 at 1, 4-6. Michael Palmer, therefore, is not a Defendant in his individual capacity.

Accordingly, for the reasons set forth in Defendant's Motion to Dismiss, Plaintiff's

2

case must be dismissed under Fed. R. Civ. P. 41(b) due to his failure to prosecute.

## IT IS THEREFORE ORDERED THAT:

1. Defendant's Motion to Dismiss (Doc. #18) is GRANTED; and

2. The case is terminated on the record of this Court.


August 1, 2007

                   s/ Sharon L. Ovington
                    Sharon L. Ovington
                 United States Magistrate Judge